IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

WILLIE DAILEY/SHAHEED-X,                                            PLAINTIFF
ADC #110112

V.                           CASE NO. 5:19-CV-170-BD

ESTELLA BLAND                                                       DEFENDANT

## ORDER

**I. Background:**

Mr. Dailey/Shaheed-X, an Arkansas Division of Correction (ADC) inmate, filed this civil rights lawsuit without the help of a lawyer under 42 U.S.C. § 1983. (Doc. No. 2) Mr. Dailey/Shaheed-X complains that Defendant Bland failed to provide him adequate medical care.[1] Defendant Bland has now moved for summary judgment on all claims pending against her. (Doc. No. 26) Mr. Dailey/Shaheed-X has responded to the motion, and it is ripe for review.[2] (Doc. No. 30)

**II. Discussion:**

A. Standard

In a summary judgment, the Court rules in favor of a party before trial. As the moving party, Defendant Bland is entitled to summary judgment only if she presents

---

[1] The Court previously dismissed Mr. Dailey/Shaheed-X's claims against Defendant Gardner based on his failure to fully exhaust his administrative remedies. (Doc. No. 22)

[2] In his response to Defendant Bland's motion, Mr. Dailey/Shaheed-X complains that Defendant Bland refused to evaluate him for possible stomach ulcers or irritable bowel syndrome. Because he did not raise those allegations in his complaint, the Court cannot address those claims.

evidence showing that there is no genuine dispute about any fact important to the outcome of the case. The Court will view all evidence in a light most favorable to Mr. Dailey/Shaheed-X. See FED. R. CIV. P. 56 and *Odom v. Kaizer*, 864 F.3d 920, 921 (8th Cir. 2017).

B. Deliberate-Indifference Claim

In support of her motion for summary judgment, Defendant Bland attaches Mr. Dailey/Shaheed-X's ADC medical records. (Doc. No. 28-1) Records show that Mr. Dailey/Shaheed-X filed a health services request form on February 9, 2018, asking for a renewal of a TUMS prescription and for medicated shampoo. (Doc. No. 28-1 at p.1) Two days later, the triage nurse made the following note on the form: "sent to provider." (Doc. No. 28-1 at p.1)

On March 6, 2018, Mr. Dailey/Shaheed-X filed another health services request form, again asking for a renewal of his TUMS prescription, medicated shampoo, and a "work script." (Doc. No. 28-1 at p.2) In addition, he complained that his "stomach [was] still ill." (Doc. No. 28-1 at p.2) That same day, the triage nurse noted that the "request was filled on improper inmate request form" and also that Mr. Dailey/Shaheed-X "[r]efused this sick call." (Doc. No. 28-1 at p.2)

On March 22, 2018, Mr. Dailey/Shaheed-X submitted another health services request form complaining of heartburn and pain in his stomach, thumb, shoulder, and leg. (Doc. No. 28-1 at p.5) He also requested prescription renewals for TUMS, Keppra, and T+ shampoo. On March 27, 2018, Mr. Dailey/Shaheed-X was examined during sick call. (Doc. No. 28-1 at p.6) The examining nurse noted "no sores" on his scalp.

2

On March 29, 2018, Defendant Bland examined Mr. Dailey/Shaheed-X during sick call. (Doc. No. 28-1 at p.7) She explained that she would not prescribe TUMS because Mr. Dailey/Shaheed-X was already taking Zantac. Defendant Bland also told Mr. Dailey/Shaheed-X that prescription shampoo was not "medically indicated as there is no medical indication to treat dandruff." Defendant Bland offered Mr. Dailey/Shaheed-X "his choice of NSAID/Tylenol," but he refused.

On December 9, 2018, Mr. Dailey/Shaheed-X filed a request for omeprazole, TUMS, T-plus shampoo, and Keppra. (Doc. No. 28-1at p.8) On January 7, 2019, he refused to be examined by Defendant Bland. (Doc. No. 28-1 at pp.9-10)

Defendant Bland attaches excerpts from Mr. Dailey/Shaheed-X's deposition transcript to her motion. (Doc. No. 28-2) In his deposition, Mr. Dailey/Shaheed-X testified that, in February 2018, an unknown nurse mishandled his health services request forms. As a result, he conceded that Defendant Bland might not have known about his medical requests at that time. (Doc. No. 28-2 at p.4)

Mr. Dailey/Shaheed-X also conceded that his claims in this lawsuit relate solely to Defendant Bland's failure to renew his prescriptions at the March 29, 2018 encounter. (Doc. No. 28-2 at p.14)

Finally, Defendant Bland attaches to her motion the declaration of Jeffrey Stieve, M.D. (Doc. No. 28-3) Dr. Stieve opined that Defendant Bland's treatment decisions regarding hair/skin products were "sufficient and appropriate"; that her decision to offer Mr. Dailey/Shaheed-X Tylenol or an NSAID for an injury that he had sustained more than 21 years ago was "appropriate"; and that there was no medical need to add TUMS to

3

Mr. Dailey/Shaheed-X's medicine regimen because he was already taking Zantac daily. (Doc. No. 28-3 at p.2)

To prevail on his claim that Defendant Bland failed to provide constitutionally adequate medical care, Mr. Dailey/Shaheed-X would have to show that he had an objectively serious medical need[3] and that the Defendant Bland actually knew of that need, but deliberately failed to provide adequate care. *Estelle v. Gamble*, 429 U.S. 97, 104–08 (1976); *Langford v. Norris*, 614 F.3d 445, 460 (8th Cir. 2010); *Dulany v. Carnahan*, 132 F.3d 1234, 1239 (8th Cir. 1997).

Deliberate indifference is a high standard. It implies conduct more culpable than negligence; more culpable than even gross negligence. *Langford*, 614 F.3d at 460; *Gibson v. Weber*, 433 F.3d 642, 646 (8th Cir. 2006). Stated another way, Defendant Bland can be held liable here only if her conduct was "so inappropriate as to evidence intentional maltreatment or a refusal to provide essential care." *Dulany*, 132 F.3d at 1240-1241 (citing *Smith v. Jenkins*, 919 F.2d 90, 93 (8th Cir. 1990)); see also *Allard v. Baldwin*, 779 F.3d 768, 771–72 (8th Cir. 2015) (to prevail on an Eighth Amendment claim, inmate must show that defendants' mental state was akin to criminal recklessness).

Here, Mr. Dailey/Shaheed-X has failed to offer any evidence to contradict evidence that Defendant Bland presented. Accordingly, he has failed to create any

---

[3] A medical need is deemed objectively serious if it was "diagnosed by a physician as requiring treatment, or [was] so obvious that even a layperson would easily recognize the necessity for a doctor's attention." *McRaven v. Sanders*, 577 F.3d 974, 982 (8th Cir. 2009). For purposes of this motion, the Court will assume that Mr. Dailey/Shaheed-X suffered from an objectively serious medical need.

4

genuine issue of fact regarding the medical treatment that Defendant Bland offered him. Based on the undisputed evidence presented, the Court cannot conclude that Defendant Bland was deliberately indifferent to Mr. Dailey/Shaheed-X's medical needs. Mr. Dailey/Shaheed-X may disagree with Defendant Bland's medical decisions, but his disagreement with the course of treatment she provided is not evidence of a constitutional violation. *Meuir v. Greene Cnty. Jail Emps.*, 487 F.3d 1115, 1118B19 (8th Cir. 2007) (noting that prison doctors remain free to exercise their independent medical judgment and that an inmate's difference of opinion over issues of expert medical judgment or a course of treatment does not establish a constitutional violation). Accordingly, Defendant Bland is entitled to judgment as a matter of law.

**III.    Conclusion:**

Defendant Bland's motion for summary judgment (Doc. No. 26) is GRANTED. Mr. Dailey/Shaheed-X's claims are DISMISSED, with prejudice. The Clerk is instructed to close this case.

IT IS SO ORDERED, this 7th day of April, 2020.

_____
UNITED STATES MAGISTRATE JUDGE

5